**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| SEAN AHERN, | : | CIVIL ACTION NO. |
| BOP Reg. # 02638-049, | : | 1:14-CV-03290-TWT-JSA |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| WARDEN, USP Atlanta, | : | HABEAS CORPUS |
| Respondent. | : | 28 U.S.C. § 2241 |

**MAGISTRATE JUDGE'S ORDER AND**
**FINAL REPORT AND RECOMMENDATION**

Petitioner, who was confined at the United States Penitentiary in Atlanta, Georgia when he initiated this action, seeks relief under 28 U.S.C. § 2241 and the savings clause of 28 U.S.C. § 2255(e).  (Docs. 1, 3).  Petitioner challenges the 210-month sentence he received as a career offender on March 28, 2002 in the United States District Court for New Hampshire, for bank robbery by force or violence in violation of 18 U.S.C. § 2113(a), and the consecutive 84-month sentence he received for violating 18 U.S.C. § 1924(c).  He was resentenced to the same 294-month term of imprisonment on March 21, 2003.   (*Id.*); *see United States v. Ahern*, No. 1:00-cr-148-SM-1 (D.N.H. Mar. 29, 2002), Docs. 69, 93.  Petitioner filed a 28 U.S.C. § 2255 motion to vacate his sentence, which was denied on April 29, 2005.  *Ahern v. United States*, No. 1:04-cv-474-SM (D.N.H. Apr. 29, 2005), Doc. 9, *aff'd*, No. 05-1687

(1st Cir. Dec. 7, 2005), Doc. 21.

Rule 4 of the Rules Governing Section 2254 Cases—which also applies to Section 2241 cases, as provided in Rule 1(b)—allows for summary dismissal of a habeas petition that plainly reveals that relief is not warranted. *See McFarland v. Scott*, 512 U.S. 849, 856 (1994) (stating that Rule 4 dismissal is appropriate when the petition "appears legally insufficient on its face"). Because Petitioner's claims do not qualify for savings clause treatment, **IT IS RECOMMENDED** that his habeas petition be **DISMISSED**.

## I.      The Savings Clause

The "savings clause" of 28 U.S.C. § 2255(e) allows a federal prisoner to bring a habeas corpus petition, seeking relief otherwise available only via a § 2255 motion to vacate his sentence, if it "appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). In the Eleventh Circuit, a petitioner may invoke the savings clause only when his § 2241 claim arises from a Supreme Court decision, issued "subsequent to his first § 2255 proceeding," that at a minimum both applies retroactively to cases on collateral review and overturns controlling Circuit precedent that had "squarely foreclosed" the claim in petitioner's trial court proceedings, on direct appeal, and in his first § 2255 motion. *Bryant v.*

2

*Coleman*, 738 F.3d 1253, 1274 (11th Cir. 2013).  "[W]hether the savings clause in §
2255(e) may open the portal to a § 2241 petition is a threshold jurisdictional issue that
must be decided before delving into the merits of the petitioner's claim and the
applicable defenses."  *Id.* at 1262 (internal quotations omitted).  "The burden of
demonstrating the inadequacy or ineffectiveness of the § 2255 remedy rests squarely
on the petitioner."  *Turner v. Warden Coleman FCI*, 709 F.3d 1328, 1333 (11th Cir.
2013).

      In *Bryant*, the Eleventh Circuit noted "two different [types] of challenges to
which the savings clause may conceivably apply that are not covered by [the]
§ 2255(h)" provision for second or successive § 2255 motions, one of which involves
"a fundamental defect in sentencing [when] . . . the petitioner had no opportunity to
obtain judicial correction of that defect earlier."  *Bryant*, 738 F.3d at 1271 (internal
quotations omitted).  The *Bryant* court noted that these types of sentencing claims
involve "pure *Begay* errors, [that is,] errors in the application of the 'violent felony'
enhancement, as defined in 18 U.S.C. § 924(e)(2)(B), resulting in a higher statutory
minimum and maximum sentence under § 924(e)."[1]  *Id.* at 1268; *see id.* at 1274 (noting

---

     [1]The *Bryant* court's reference is to *Begay v. United States*, 553 U.S. 137 (2008), whose
holding *Bryant* made retroactive to cases on collateral review, including § 2241 petitions invoking
the § 2255(e) savings clause.  *See Bryant*, 738 F.3d at 1276-77.

that the *Bryant* petitioner had raised a "pure § 924(e)-*Begay* error claim of illegal detention above the [10-year] statutory maximum penalty in § 924(a)" by challenging one of the predicates for his Armed Career Criminal Act ("ACCA") sentence).

## II.   <u>The Petition</u>

Petitioner asserts that his 210-month sentence as a career offender violates *Begay*, *United States v. Archer*, 531 F.3d 1347 (11th Cir. 2009), and *Bryant* because his two prior convictions for second degree reckless assault do not qualify as violent crimes and thus he is not a career offender.  (Doc. 1 at 1).  Petitioner also cites *Descamps v. United States*, 133 S. Ct. 2276 (2013)*, and *Alleyne v. United States*, 133 S. Ct. 2151 (2013), in support of his claims.  (Doc. 1 at 1).  Petitioner asserts that his 7-year sentence for "brandishing" a firearm exceeds "the maximum penalty prescribed by law" and that he should have received no greater than a 5-year sentence for his firearm conviction based on the evidence presented to the jury.  (*Id.* at 1-2). "[P]etitioner asks for review to challenge his sentence and the use of two highly divisible statutes under New Hampshire State Law for Second Degree (Class B) 'reckless' assault and a sentence in excess of the statutory maximum."  (*Id.* at 2).

4

**III.**  **Petitioner's Claims May Not Proceed Under The Savings Clause**

    **A.**  **Petitioner's 210-Month Sentence for Bank Robbery**

The maximum sentence for bank robbery "by force and violence, or by intimidation," is 240 months.  18 U.S.C. § 2113(a).  Petitioner's 210-month sentence does not exceed that 240-month statutory maximum, which applies whether or not Petitioner's prior assault convictions qualify as violent crimes to support a finding that he is a career offender.  Petitioner thus may not challenge his 210-month sentence in this § 2241 proceeding.  *See Gilbert v. United States*, 640 F.3d 1293, 1323 (11th Cir. 2011) (*en banc*) ("What we do decide is that the savings clause does not authorize a federal prisoner to bring in a § 2241 petition a claim, which would otherwise be barred by § 2255(h), that the sentencing guidelines were misapplied in a way that resulted in a longer sentence not exceeding the statutory maximum.").  In *White v. Warden, FCC Coleman - Low*, 516 Fed. Appx. 917 (11th Cir. 2013), the appellant brought a § 2241 saving clause challenge to his 360-month drug trafficking sentence, arguing that "the sentencing court improperly applied the career offender enhancement because he had never been sentenced to more than one year imprisonment for a drug offense."  *Id.* at 918.  The Eleventh Circuit held:

    The district court correctly concluded that [Appellant] cannot bring this

5

petition under § 2241.  He challenges only the length of his sentence, but it did not exceed the statutory maximum.  Even if there was error at his sentencing, the savings clause does not apply to [his] claims and his § 2241 petition was not properly before the district court.

*Id.* at 919; *see Wallace v. Warden, FCC Coleman-USP I*, No.  5:12-cv-309, 2014 U.S. Dist. LEXIS 89358, at *1, 4 (M.D. Fla. July 1, 2014) (citing *Gilbert* and rejecting petitioner's § 2241 savings clause challenge to his life sentences for drug trafficking).

### B.   Petitioner's 7-Year Sentence for Brandishing a Firearm

If a defendant uses or carries a firearm "during and in relation to any crime of violence," or if "in furtherance of any such crime, [he] possesses a firearm," he shall "be sentenced to a term of imprisonment of *not less than* 5 years," and "if the firearm is brandished, [he shall] be sentenced to a term of imprisonment of *not less than* 7 years."   18 U.S.C. § 924(c)(1)(A)(i)-(ii) (emphasis added).   To the extent that Petitioner attempts to rely upon *Alleyne* to challenge his 7-year sentence because the judicial finding that he brandished a firearm increased his mandatory minimum sentence from 5 to 7 years, he may not do so.  Such an attempt does "not satisfy the requirements of section 2255's savings clause" because (1) the Supreme Court's *Alleyne* holding merely extends—to a defendant's statutory minimum sentence—its *Apprendi v. New Jersey*, 530 U.S. 466 (2000) holding that a defendant's sentence must

6

not exceed the statutory maximum established by the jury's findings, *see United States v. Son*, 553 Fed. Appx. 949, 954 (11th Cir. 2014) (stating that in *Alleyne* "the Supreme Court extended *Apprendi's* holding to facts that increase the mandatory minimum prescribed by a statute"); and (2) "*Apprendi* does not apply retroactively on collateral review," *Emuchay v. Vasquez*, 213 Fed. Appx. 899, 900-01 (11th Cir. 2007) (citing *McCoy v. United States*, 266 F.3d 1245, 1258 (11th Cir. 2001), and affirming the dismissal of a § 2241 petition seeking to invoke § 2255's savings clause to challenge a sentence "enhanced based on facts not proven to a jury beyond a reasonable doubt, in violation of *Apprendi*"); *see also Chester v. Warden*, 552 Fed. Appx. 887, 891-92 (11th Cir. 2014) (concluding that the § 2241 petitioner's claim "that he faced an improper statutory minimum penalty in light of the Supreme Court's recent decision in *Alleyne* . . . fails," in part because "*Alleyne*'s rule does not apply retroactively on collateral review," based as it is on the *Apprendi* rule; vacating the district court's denial of the § 2241 petition on the merits; and remanding to the district court to dismiss the petition due to lack of subject matter jurisdiction because the savings clause did not apply).[2]

---

[2]To the extent that Petitioner seeks to rely upon *Descamps*, that attempt fails.  In *Descamps*, the Supreme Court overruled the Ninth Circuit regarding the treatment for ACCA purposes of a conviction under a California burglary statute whose reach swept broader than the generic burglary

7

In sum, Petitioner has not demonstrated that his § 2241 petition properly invokes § 2255(e)'s savings clause, and this Court lacks subject matter jurisdiction over the petition.

**IV.   <u>Conclusion</u>**

For the foregoing reasons, **IT IS RECOMMENDED** that Petitioner's 28 U.S.C. § 2241 habeas corpus petition (Docs. 1, 3) be **DISMISSED**.[3]  Petitioner's motion for additional time to prove that he was housed at the United States Penitentiary in Atlanta when he filed his petition (Doc. 4) is **DENIED as moot**.

The Clerk is **DIRECTED** to withdraw the reference to the Magistrate Judge.

**SO RECOMMENDED and ORDERED** this 17th day of November, 2014.

_____
JUSTIN S. ANAND
UNITED STATES MAGISTRATE JUDGE

---

offense listed in 28 U.S.C. § 924(e)(2)(B)(ii).  133 S. Ct. at 2281-82.  *Descamps* is not relevant to Petitioner's claims, as he was not convicted of a § 924(e) violation.

[3]A federal prisoner does not require a certificate of appealability to appeal the dismissal of a § 2241 petition.  *See Sawyer v. Holder*, 326 F.3d 1363, 1364 n.3 (11th Cir. 2003).

8